O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.L.J., Inc., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>Hollywood Fashion, an unknown business entity; Roman Beinhauer, an individual; and Does 1-10, inclusive,<br><br>        Defendants. | CV 10-6825 RSWL (CWx)<br><br>**ORDER Re: Plaintiff's Application For Default Judgment Against Defendants Hollywood Fashion and Roman Beinhauer [14]** |

On March 2, 2011, Plaintiff J.L.J., Inc.'s ("Plaintiff") Application for Default Judgment Against Defendants Hollywood Fashion and Roman Beinhauer ("Defendants") came before this Court for regular calendar [14]. The Court continued this Application until April 5, 2011 upon Defendant Roman Beinhauer's request for a continuance so that Defendants could secure counsel and oppose this Application.

On April 5, 2011, Plaintiff's Application for

1

Default Judgment Against Defendants again came before the Court for regular calendar [14]. The Court, having reviewed all papers submitted pertaining to this Application and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

Plaintiff's Application for Default Judgment Against Defendants is **GRANTED.**

As a preliminary matter, the Court finds that it has personal jurisdiction over Defendants, allegedly residents of the Czech Republic, as Plaintiff's personal service of Defendants in this Action is sufficient to establish personal jurisdiction here. <u>Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv.,Inc.</u>, 788 F.2d 535, 538 (9th Cir. 1986).

Furthermore, the Court finds Plaintiff has met both the procedural and substantive requirements for default judgment. Specifically, the Court finds that Plaintiff has satisfied the procedural requirements necessary for entry of default judgment under Local Rule 55, and the substantive factors set forth by the Ninth Circuit in <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986), weigh in favor of granting default judgment.

Moreover, the Court finds that Defendants have not responded to Plaintiff's Complaint within the time permitted by law, nor have they submitted any papers pertaining to the present Application. Specifically, at the March 2, 2011 hearing, the Court warned

1 | Defendants to take action in this Case by April 5, 2011
2 | or the Court would grant Plaintiff's Application for
3 | Default Judgment.  At the April 5, 2011 hearing,
4 | Defendant Roman Beinhauer again appeared before this
5 | Court, but neither he nor Defendant Hollywood Fashion
6 | had taken any action in this Case since the March 2,
7 | 2011 hearing.  Thus, as Plaintiff has met all
8 | procedural and substantive requirements and because
9 | Defendants have failed to file any responsive pleading
10 | or take action in this Case, Plaintiff's Application
11 | for Default Judgment is **GRANTED**.

As to the requested damages, the Court finds Plaintiff has sufficiently proven damages here in accordance with Federal Rule of Civil Procedure 55. Therefore, the Court awards damages in the amount of $194,044.24 against Defendants Hollywood Fashion and Roman Beinhauer, to be jointly and severally liable, in addition to costs.

DATED: May 9, 2011

**IT IS SO ORDERED.**

*RONALD S.W. LEW*
───────────────────────
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge